IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FREDRICK JAY HALL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2644-L |
| | § | **ECF** |
| **ADVO, INC.**, | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendant ADVO, Inc.'s Motion for Summary Judgment, filed October 10, 2006; and Defendant ADVO, Inc.'s Motion to Dismiss and Alternative Motion for More Definite Statement, filed July 26, 2006.[1]  Upon consideration of the Defendant's brief, record, applicable authorities, and summary judgment evidence submitted, the court **grants** Defendant Advo, Inc.'s Motion for Summary Judgment, and **denies as moot** Defendant ADVO, Inc.'s Motion to Dismiss and Alternative Motion for More Definite Statement.

**I.  <u>Procedural and Factual Background</u>**

Plaintiff Fredrick Jay Hall ("Plaintiff" or "Hall") filed this action *pro se* against Defendant ADVO, Inc. ("Defendant" or "ADVO") on December 14, 2004.  He contends that he was discriminated against in violation of "Title VII of the Civil Rights Act of 1964." Plaintiff's Original Complaint at 1.  Plaintiff' Original Complaint in its entirety states:

> Discrimination - I was denied a promotion after applying for the position 1.5 years earlier.  I was involved with another employee after asking her professionally to mind her own business.  Was written up and denied promotion.  However, the same instance

_____

[1] Plaintiff Fredrick Jay Hall did not file a response to either of Defendant's motions.

happened to a white employee who was arguing with another employee for twenty [-]five minutes and she still received her promotion. Have all e-mails.

Equal pay - Whites are started out at $5,000 to [$]5,500 more than blacks, and we have [ ] higher levels of education and more work experience. Whites are brought in at a starting pay of an average of 35 to 38,000 dollars. I have salary histories of past and current employees.

*Id.* at 2.

Hall is a former employee of ADVO. The record is silent as to Hall's start date and his last day of employment with ADVO. On August 30, 2006, ADVO sent to Hall by certified mail, among other discovery requests, a set of requests for admissions which included thirteen individual requests regarding matters related to his employment with ADVO. *See* Appendix to Defendant ADVO's Motion for Summary Judgment at 2-4. Hall did not serve written answers or objections to these requests for admissions. Although the court was virtually certain that Plaintiff had been served with the requests, it wanted to be absolutely certain and directed ADVO to provide actual proof of service. On January 25, 2007, ADVO provided the necessary proof that the requests were served on Hall. The certified mail return receipt number (7001251000242244914) on the cover letter, describing the documents enclosed and sent to Hall by ADVO's counsel on August 30, 2006, is the same as that on the "track and confirm" documents from the United States Postal Service. The letter (package) was returned to sender because it was not claimed by Mr. Hall. *See* Defendant's Response to Court's Order of January 18, 2007, Exhibit 3.

## II. <u>Summary Judgment Standard</u>

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*; *see*

*also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

In this case, Hall filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court, however, is permitted to accept the movant's evidence as undisputed. *Id*. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, Plaintiff's pleadings are not verified, and he has presented no evidence to counter the summary judgment motion.

## III.  Analysis

A request for admissions is admitted unless the party to whom it is directed serves a written answer or objection within thirty days of service of the request, within a longer or shorter time set by the court, or within the time agreed to in writing by the parties. Fed. R. Civ. P. 36(a). As previously found by the court, Hall was served with the requests on August 30, 2006, when they were sent by certified mail. That he neglected or refused to accept delivery of or claim the certified mail is of no moment, as service on him was duly made. One has a choice to accept or reject receipt

of certified mail; however, if one refuses or fails to accept the certified mail, he must face the legal consequences of such refusal or failure.  To this date, no answers or objections to the requests have been made.  Further, nothing in the record establishes or reflects that the court has extended the time for Plaintiff to answer or object to the requests for admissions, or that the parties agreed between themselves that Plaintiff's time to answer or object to the requests for admissions has been extended beyond the thirty-day time period.  The matters are thus deemed admitted as a matter of law.

A matter admitted is "conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Fed. R. Civ. P. 36(b).  The court has not allowed the withdrawal or amendment of any admitted matter.  For the reasons stated herein, the following matters set forth in the thirteen requests for admissions are conclusively established and undisputed:

1. During Hall's employment with ADVO, he was an at-will employee.

2. During Hall's employment with ADVO, he did not have a written contract of employment.

3. During Hall's employment with ADVO, he did not have a contract with ADVO that specifically limited ADVO's right to terminate his employment at will.

4. During Hall's employment with ADVO, he never complained that he was the victim of, or was subjected to, any form of racial harassment or discrimination.

5. During Hall's employment with ADVO, he was never the victim of, or subjected to, any form of racial harassment or discrimination.

6. Hall's employment was terminated for a legitimate, non-discriminatory reason.

7. Hall quit his employment with ADVO voluntarily.

8. ADVO had in place a procedure for reporting complaints of unlawful harassment.

9.    Hall was aware of ADVO's procedure for reporting complaints of unlawful harassment.

10.   Hall failed to follow ADVO's procedure for reporting complaints of unlawful harassment.

11.   Hall's lawsuit was untimely and therefore barred.

12.   Service upon ADVO was untimely and therefore insufficient under the Federal Rules of Civil Procedure.

13.   Hall is not entitled to any vacation pay, sick pay, back pay, compensatory damages, or any other monies whatsoever from ADVO.

In light of the conclusive and undisputed facts established by the record, no factual basis exists to support any claim of race discrimination against ADVO. Accordingly, there is no genuine issue of material fact concerning Plaintiff's claims of race discrimination by ADVO, and ADVO is entitled to judgment as a matter of law.[2]

### IV.  Defendant ADVO, Inc.'s Motion to Dismiss and Alternative Motion for More Definite Statement

Also before the court is Defendant ADVO, Inc.'s Motion to Dismiss and Alternative Motion for More Definite Statement, filed July 26, 2006. As the court has granted Defendant's Motion for Summary Judgment, Defendant ADVO, Inc.'s Motion to Dismiss and Alternative Motion for More Definite Statement is moot and therefore will be denied.

### V.  Conclusion

For the reasons stated herein, the court determines that no genuine issue of material fact exists regarding Plaintiff's claims of race discrimination. Accordingly, the court **grants** Defendant ADVO, Inc.'s Motion for Summary Judgment; and **denies as moot** Defendant ADVO, Inc.'s Motion

---

[2]As the application of Rule 36 disposes of Plaintiff's race discrimination claims on the merits, the court need not address any procedural basis for summary judgment raised by ADVO in its motion.

to Dismiss and Alternative Motion for More Definite Statement.  This action is hereby **dismissed**

**with prejudice**.  Judgment will issue by separate document as required by Fed. R. Civ. P. 58.

   **It is so ordered** this 26th day of January, 2007.


                                        Sam A. Lindsay
                                        United States District Judge


**Memorandum Opinion and Order - Page 7**